## OLIPHINT *v.* BANK OF COMMERCE.

Opinion delivered January 26, 1895.

*Corporation—Lien on stock of member.*

> Under Mansf. Dig., sec. 975, giving a corporation a lien on the stock of a member for a debt due by him to it, one who purchases stock in a corporation at execution sale takes subject to an existing lien in favor of the corporation for a debt due by the member, especially where the sale was made subject to such lien.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

### STATEMENT BY THE COURT.

This is a proceeding by mandamus by the appellants to compel the appellee, a joint stock corporation, to transfer to them 200 shares of its stock, and issue them a certificate thereof.

The complaint alleged in substance that the Bank of Commerce, who was defendant in the cause, was a corporation duly organized under the laws of Arkansas; that in the year 1893 Louis Reinman and Charles M. Simons were each the owner in his individual right of 100 shares of stock in said bank; that one Fisher obtained a judgment against Reinman and Simons in the United States circuit court for the Eastern district of Arkansas, and caused execution to issue thereon, and levied on said stock; that the stock was duly sold under the execution; that a certificate of purchase was duly issued thereon to the purchaser at such sale; that, at the time of the said levy and sale, 100 shares of such stock stood upon the books of the defendant bank in the name of Reinman and 100 shares in the name of Simons; that, on the 16th day of January, 1893, prior to the levy and sale under the said execution, the defendant filed its report

in the office of the county clerk in conformity with the statute, in which report it was shown that said stock stood on the books of the bank in the names of Simons and Reinman as owners; that, after plaintiffs became the owners of said certificate of purchase, they made demand upon the defendant to transfer the stock to them, and issue a certificate thereof, as the statute requires; and that the defendant refused to transfer the stock, or to issue a certificate therefor. Proper prayer for relief. There were two exhibits to the complaint, which were referred to therein, and asked to be made part thereof.

The appellees filed the following answer: "Now comes the defendant, and admits the statements in said complaint, but says: They are only a portion of the facts in the case; that, before and at the time of the levy of the execution on the 200 shares of stock of the Bank of Commerce, as alleged, the said Reinman and Simons were indebted to said bank in the sum of five thousand dollars, and interest at ten per cent. per annum from July 9, 1892, all of which indebtedness was then due, and is now due and unpaid; that said bank, as provided by the laws of the State of Arkansas, had at that time, and now have, a lien on all of said stock of said bank standing in the names of said Reinman and Simons. Further, that said Reinman and Simons had, before the levy of said execution, and before the judgment was rendered on which the execution was issued, transferred said stock to said bank, to hold and sell, to satisfy said statutory lien; that, at the time of the levy of the execution referred to, said bank gave the officers making the levy a statement of the amount of stock said Reinman and Simons had in said bank, together with the amount of its lien thereon, and at the time of the execution sale of said stock, the bank, by its attorney, gave the public notice that the bank had a lien on said stock as aforesaid. Thereupon the officer making the

sale publicly stated that said sale would be subject to any rights or equities of the said Bank of Commerce in or upon said stock, and that thereupon said stock was bought by the execution creditor, William H. Fisher, for the sum of one dollar. That the market value of said stock was $5000 or more. The defendant further shows that it is now ready, and has at all times been ready, to transfer said stocks to the plaintiff whenever its said lien thereon should be paid and satisfied ; but that plaintiff has refused, and still refuses, to satisfy the same, and is therefore not entitled to a transfer of said stock as prayed. Defendant therefore prays that plaintiff's petition be dismissed."

It was agreed that the complaint and answer should be taken as true. The cause was submitted to the court on the complaint and exhibits and the answer. The court, upon that state of record, refused the prayer of the petition, and gave judgment for the defendant. The appeal is prosecuted by the plaintiffs, Oliphint *et al.*

Section 975, Mansfield's Digest, reads : "The stock of every such corporation shall be deemed personal property, and be transferred only on the books of such corporation in such form as the directors shall prescribe ; and such corporation shall at all times have a lien upon all the stock or property of its members invested therein for all debts due from them to such corporation." Sections 985–988, inclusive, provides for the enforcement of the lien. Section 989 reads : " Nothing contained in the four preceding sections shall affect any lien or right acquired by any party by virtue of any attachment or levy of execution upon the stock of any stockholder in any such corporation." Section 971 provides for an annual certificate giving names and amounts held, and provides: "Whenever any stockholder shall transfer his stock in any such corporation, a certificate of such transfer shall forthwith be deposited with the county clerk as afore-

said, who shall note the time of said deposit and record it at full length in a book to be by him kept for that purpose; and no transfer of stock shall be valid as against any creditor of such stockholder until such certificate shall have been so deposited.

*S. R. Cockrill,* and *Oliphint & Shackelford* for appellants.

The lien of the bank is not superior to the lien of the execution and levy. Citing Mansf. Dig. secs. 971, 975, 985-9. Acts 1891, p. 20, secs. 1, 2, 3. Corporations had no lien at common law upon its shares of stock for debts due from its stockholders to the corporation. Cook on Stocks and Stockholders, sec. 521. There was no mode of levying an execution at common law. *Ib.* sec. 480. And equity could not reach it. *Ib.* sec. 481. The lien being strictly statutory, its value and force must be determined by the statute, and the remedy provided by the statute for its enforcement is *exclusive*, not cumulative. 47 Ark. 58 ; 98 U. S. 555 ; 103 *id.* 792 ; 104 *id.* 52 ; 111 *id.* 31 ; 112 *id.* 478 ; Suth. Stat. Const. secs. 325-6, 380-2-7, 390-2-3-8-9 ; 20 Law. Rep. An. 603. The only way to transfer stock is by transfer on the books of the company and filing the certificate with the clerk as provided in Mansf. Dig. *supra* ; 5 Gray, 373 ; 21 Vt. 362 ; 6 Conn. 558 ; 8 N. W. 419 ; 71 Iowa, 270 ; 60 Am. Rep. 789 ; 48 Ark. 215 ; 23 N. W. 711. The title to stock is where it appears to be on the books of the corporation, and under our law it must also appear in the county clerk's office. 103 U. S. 806 ; 34 N. Y. 79 ; 29 Conn. 253 ; 13 *id.* 498 ; 31 *id.* 36. The holder of the certificate is not the holder of the stock. 96 U. S. 328 ; *Bank* v. *Cross,* 99 U. S.——. Creditor need look no further than to the books of the company. 29 Conn. 253 ; 17 Law. Rep. An. 259 ; 2 Beach, Priv. Corp. sec. 634 and note ; Cook, Stock and Stockh. secs. 486-9-90. Registry is the act which changes the

title. 2 Morse on Bank. sec. 712; 2 Conn. 544; 3 *id.* 544; 5 *id.* 245; 6 *id.* 552. Shares are subject to execution under our statute, and not rights or interests in stocks or shares; therefore no equitable rights are included. Beach, Priv. Corp. sec. 637; 42 Ark. 236. The bank could have protected itself by transferring the stock to its name on the books, the same as any pledgee. Beach, Priv. Corp. sec. 639; 21 Am. Law Reg. 454. This is the only thing the bank could do for its protection.

*Auten & Moss* for appellee.

The lien of the bank under sec. 975 Mansf. Dig. is superior to that of the purchaser under execution sale. The stock is only transferable in one way, and that is on the books of the company. Mansf. Dig. sec. 975; 2 Beach on Corp. sec. 647; 21 Vt. 362; 21 Pac. 852; 39 Kas. 23; 69 Md. 519; 45 Conn. 22; 41 Conn. 255. The legal title can pass in no other way. Until so transferred, the purchaser has only an equitable title. 69 Md. 519; 2 Wheat. 390; 21 .Pac. 852; 135 Mass. 132; 2 Beach, Corp. sec. 634. Thus, the legal title remained in Reinman and Simons, and the bank and appellants each have an equity. But the lien of the bank is created by general statute, and is "notice to the world," and "good against all the world." Cook, Stocks and Stockh. secs. 527 and 530; Beach, Priv. Corp. secs. 634, 645; 31 Am. & Eng. Corp. Cases, 451; 10 Pet. 596; 134 U. S. 401. The stock was sold subject to the lien of the bank of which appellants had actual notice. They only bought such rights as Reinman and Simons had. 45 Mo. 513; 17 Mich. 158; Freeman, Ex. vol. 2, sec. 348; Angell & Ames on Corp. sec. 589; Field on Corp. sec. 137. Sec. 989 does not set aside and hold for naught all these decisions and rules of property, nor abolish the corporate lien. It only means that it does *affect* bona fide equities, acquired by creditors. But, even conceding that this

section takes away the statutory remedy of enforcing its lien, the corporate lien may be enforced by resort to chancery, or by refusing to transfer till their lien is satisfied. 30 Ark. 568; 47 *id.* 58; Cook on Stock and Stockh. sec. 530; 23 Am. & Eng. Enc. Law p. 697; 77 Va. 445; 45 Conn. 22; 26 *id.* 144; 17 Mich. 141. Our statute does not require a bank to file with the county clerk a notice of its lien. Sec. 3003, Mansf. Dig., provides how knowledge of the lien may be ascertained by inquiry.

HUGHES, J., (after stating the facts.) It appears that Simons and Reinman owned the shares of the stock; that they owed the bank; that the bank had a lien, given by statute, upon their shares of stock, to secure payment of their indebtedness to the bank; that the bank did not claim to own the stock, but claimed only a right to satisfaction of their lien out of it. The bank's lien existed before the execution lien under which the appellants bought. The only right they acquired by the purchase of the stock was subsequent and subject to the right of the bank to satisfaction of its lien upon the stock, given it by the statute.

The construction we give section 989 of Mansf. Dig. is that the bank, having its lien, could, in its proceedings to enforce its lien, do nothing to affect the order of the priority of the liens upon the stock of Simons and Reinman.

Besides this, the appellants were given actual notice of the bank's lien before the sale, and that the sale would be made subject to all equities in favor of the bank. Only the interest that Simons and Reinman had in the stock was sold, and that was an ownership subject to the lien of the bank, and the purchasers acquired exactly this by their purchase. They had no means of enlarging the interest of Simons and Reinman, and

could take no greater interest than Simons and Reinman had, for that was all that could have been or was sold. The bank was not required to give notice of its lien, in the certificate filed with the clerk of the county making a report of its condition, as per section 971, Mansfield's Digest.

The judgment is affirmed.