MERCHANTS & FARMERS BANK *v.* CITIZENS BANK.

Opinion delivered July 3, 1916.

1. MORTGAGES—UNRECORDED MORTGAGE—EFFECT AS TO THIRD PARTIES.—An unrecorded mortgage is without any effect against strangers to it, and is only good between the parties.

2. MORTGAGES—PLEDGE OF STOCK—PRIORITY OF LIEN THEREON AS BETWEEN TWO DEBTORS.—A transferred shares of stock which he held in appellant bank to appellee as security for a debt due appellee, neither this instrument nor a mortgage given to appellee, both given to secure the same debt, were recorded. A was also indebted to one H, and had pledged the same stock to H. Subsequent to the mortgage from A to appellee, H assigned his claim to appellant bank. *Held*, as between appellant and appellee, that appellant was entitled to a prior lien on A's stock.

3. MORTGAGES—PLEDGE OF STOCK—PRIORITY.—Under the above facts the fact that the president and cashier of appellant bank were notified of the pledge of the stock to appellee, would not defeat appellant's prior lien.

Appeal from Union Chancery Court; *James M. Barker,* Chancellor; reversed.

*R. G. Harper* and *W. E. Patterson,* for appellants.

1. Appellee bank acquired no lien on the securities under the written instrument. There was neither a pledge nor notice of one. To constitute a pledge there

must be a delivery. 31 Cyc. 799-800; 81 Fed. 439; 103 U. S. 352; 135 *Id.* 478; 96 *Id.* 467; 133 *Id.* 233; 98 Ark. 384; 31 Cyc. 807.

2. The instrument, at most, was an unrecorded mortgage, good between the parties, but unavailing against third parties. 71 Ark. 517; 77 *Id.* 57; 97 *Id.* 432; 105 *Id.* 242.

3. There was no waiver by appellant bank of its mortgage under § 853 of Kirby's Digest. Act No. 113, Acts 1913; 10 Cyc. 585; 109 Ark. 168; 10 Cyc. 487, 586; 4 Thompson on Corp., §§ 4006, 4017; 7 R. C. L. 210.

*Mahony & Mahony* and *H. S. Powell,* for appellees.

1. Appellant bank waived its lien on the bank stock. Where a corporation has knowledge of a prior pledge of stock, the statutory lien is subordinate to the lien of the prior pledge. 112 Ark. 180; 20 L. R. A. 600; 15 C. C. A. 34; 56 *Id.* 174; 10 Bush, 54; 102 Ky. 346; 77 Vt. 123. Besides the bank did not rely on its lien on the stock. Having waived its lien, it had no lien of any kind. Cases *supra.* No rights of third parties intervened. The contract for a pledge, even if there is no actual delivery, will be enforced against general creditors of the pledgor. 31 Cyc. 997.

2. A tender was made by appellee bank. 93 Ark. 497; 96 *Id.* 156.

3. Appellee's lien was prior in time and it was never agreed that the personal collateral should secure the Harris Lumber Co. note. The appellee had the right to redeem by paying the balance due on the $5,500 note. The decree is right.

McCulloch, C. J. Appellant, Merchants & Farmers Bank, is a banking corporation doing business at Junction City, Arkansas, and A. B. Henderson was its president at the time the transactions took place which are brought under review in this litigation.

On January 3, 1912, C. A. Harris became indebted to A. B. Henderson in the sum of $5,500 and executed his note to Henderson for that amount, due and payable one year after date with interest, and to secure the payment of

the note, Harris executed to Henderson a mortgage conveying certain lands. Harris was the holder of certain shares of the capital stock of appellant corporation of the par value of $3,000, which he also pledged to Henderson as security for said note, and he delivered the certificates of shares to Henderson to hold. On that date, Harris entered into a contract with appellant to guarantee payment of a note previously executed by the Harris Lumber Company (of which corporation Harris was the principal stockholder), for the sum of $1,000, and one of the issues of fact in the present case is, whether or not Harris pledged the stock as security for that debt, as well as for the debt to Henderson. Harris also transferred to Henderson certain other collaterals which are unnecessary to mention in detail in disposing of the present controversy.

The debt of Harris to Henderson had been paid down to the sum of $3,499.05 at the time of the beginning of the present litigation, and in the meantime, Harris had become indebted to appellant in the sum of $2,644.93, for the payment of which debt, appellant asserts its statutory lien on the Harris shares of stock. This indebtedness was incurred in the year 1913, and was subsequently evidenced by a note executed by Harris to appellant.

On July 3, 1912, Harris became indebted to appellee, Citizens Bank of Junction City, upon two promissory notes, each for the sum of $3,500, and he executed to appellee a second mortgage on the lands embraced in the prior mortgage to Henderson, as well as upon certain other lands. He also executed to appellee an instrument whereby he transferred said shares of stock in appellant's bank to appellee, as security for said debt, with authority to redeem said shares of stock from the prior pledge to Henderson. That instrument was neither acknowledged nor recorded, but the evidence adduced by appellee tends to show that its existence was brought to the attention of appellant's president and cashier, and that the latter offered no objections to the transaction. There is a conflict upon that issue, but in view of the conclusions which we have reached decisive of the controversy, it is

unnecessary to determine on which side of that issue the preponderance of the evidence lies.

On December 14, 1914, Henderson assigned the Harris note to appellant bank, and delivered all the collaterals which Harris had placed in his hands to secure the debt.

The present suit was instituted by appellee for the purpose of having the securities marshalled, and to compel appellant to resort, for the satisfaction of the original debt of Harris to Henderson, to securities other than the bank stock.

The contention of appellee is that its lien on the stock is superior to the statutory lien asserted by appellant.

On the final hearing of the case, the chancellor decided in favor of appellee as to the priority of the asserted liens on the stock. There are other questions presented here, but since we reach a conclusion favorable to appellant on the question of priority of liens on the stock, all other questions are eliminated from the case.

(1-2) The lien of the appellant corporation upon the shares of its own stock, is declared in the following statute: Sec. 853, Kirby's Digest: "The stock of every such corporation shall be deemed personal property, and be transferred only on the books of such corporation in such form as the directors shall prescribe; and such corporation shall at all times have a lien upon all the stock or property of its members invested therein for all debts due from them to such corporation." Whether this lien has priority over a pledge to a third party with notice to the officers of a corporation, we need not decide. The cases cited by counsel for appellee on the brief, tend to support their contention that the statutory lien of a corporation is subordinate to a lien of a prior pledge of the stock. It was so decided by the United States Circuit Court of Appeals of this circuit in an opinion by Judge Thayer, in the case of *Curtice* v. *Crawford County Bank*, 118 Fed. 390, adjudicating the effect of a transaction which arose in Arkansas under the statute.

The question has never been decided by this court, but was mentioned by Judge Riddick in delivering the

opinion in *Springfield Wagon Co.* v. *Bank of Batesville*, 68 Ark. 234, a decision of that question, however, being expressly pretermitted. Nor was that question decided in the recent case of *Young Coal Co.* v. *Hill*, 112 Ark. 180.

The transaction between Harris and appellee did not constitute a pledge of the stock, for there was lacking one of the essential elements of a pledge, i. e., manual delivery of the certificates of stock. "Possession of the property is of the very essence of a pledge," said this court in *Lee Wilson & Co.* v. *Crittenden County Bank*, 98 Ark. 384, "and without such possession in the pledgee, there can be no privilege thereunder as against third persons."

The instrument executed by Harris to appellee amounted to nothing more than a mortgage, which was not recorded, and was therefore only good between the parties.ˉ 31 Cyc., p. 807. It did not affect the rights of third parties, and therefore the statutory lien of appellant, which arose when the debt was subsequently incurred cannot be subordinated to it. The statute itself declares that a mortgage shall not become a lien until it has been duly acknowledged and filed for record. Kirby's Digest, 5396. This court has repeatedly held that an unrecorded mortgage is without any effect against strangers to it, and is only good between the parties.

(3) It is contended that appellant waived its lien, but we find in the record no evidence of conduct on the part of the bank which constitutes a waiver. All that is shown with reference to appellant's connection with the transaction between appellee and Harris, was that Harris called the attention of the cashier and the president of the appellant bank to the fact that he was going to give the Citizens Bank a second pledge of the stock, and those officers made no objection thereto. This was far from constituting a waiver by estoppel. If an actual pledge of the stock was effectual against the lien of the bank, it was unnecessary to obtain the consent of the officials of the corporation. Notice of the pledge would alone have been sufficient. Mere knowledge on the part of appellant's officers that there had been an effort to create a lien on the stock in favor of appellee was not

sufficient to work an estoppel, and unless appellee's lien was made complete by manual delivery of the stock, or by acknowledgment and recording of the mortgage, so as to comply with the registration laws, it had no force against appellant when its statutory lien subsequently attached.

We are of the opinion, therefore, that the Chancellor erred in declaring appellee's lien on the stock to be prior to that of appellant. The decree is reversed and the cause is remanded with directions to enter a decree in appellant's favor in accordance with this opinion.