### BRANDES v. BARBER (two cases).

(Circuit Court of Appeals, Eighth Circuit. May 10, 1926.)

Nos. 286, Original, and 7191.

**1. Chattel mortgages ⬄155, 197(2)—Under law of Arkansas, unrecorded chattel mortgage creates no lien as against third parties, though they have notice (Crawford & Moses' Dig. Ark. §§ 7380, 7381).**

Under Crawford & Moses' Dig. Ark. §§ 7380, 7381, providing that a chattel mortgage shall be a lien from the time it is filed for record, as construed by Arkansas Supreme Court, an unrecorded mortgage creates a lien as between the parties, but constitutes no lien on the property as against third persons acquiring rights therein, though they had actual knowledge of its existence.

**2. Chattel mortgages ⬄87—Arkansas chattel mortgage by partnership, recorded only in county of residence of one partner, held invalid as lien (Crawford & Moses' Dig. Ark. §§ 7380, 7381).**

Under Crawford & Moses' Dig. Ark. §§ 7380, 7381, requiring a chattel mortgage to be recorded in the county where the mortgagor resides, if a resident of the state, and providing that, until recorded, it shall not be a lien, a mortgage given by a partnership, whose members reside in different counties, to create a valid lien, must be recorded in each of such counties.

**3. Bankruptcy ⬄184(2)—Unrecorded chattel mortgage held invalid against trustee in possession (Bankruptcy Act, § 47, as amended by Act June 25, 1910, § 8 [Comp. St. § 9631]).**

Under Bankruptcy Act, § 47, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), conferring on trustees the rights and remedies of lien creditors, a chattel mortgage, invalid as against third parties under the laws of the state for want of proper record, is invalid against a trustee in possession of the property.

**13 F.(2d)—5**

Petition to Revise Order of and Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Proceeding on petition by A. L. Barber, trustee for sale of property free of liens. From the order, Albert Brandes, holder of a chattel mortgage thereon, appeals, and also files petition to revise. Appeal dismissed, as inappropriate method of review, and petition dismissed on merits.

Henry E. Spitzberg, of Little Rock, Ark., for appellant and petitioner.

M. W. Gannaway and J. A. Tellier, both of Little Rock, Ark., for appellee and respondent.

Before LEWIS, Circuit Judge, and FARIS and PHILLIPS, District Judges.

LEWIS, Circuit Judge. These proceedings present a controversy between a purchaser for value of a note and chattel mortgage and the Trustee in Bankruptcy of the mortgagors' estate, brought here by both appeal and petition to revise. The bankrupt is a partnership composed of three members, one of whom resided in Pulaski County, Arkansas, when the mortgage was given, and the other two in Crittenden County, in that State. The partnership purchased machinery and appliances for use in the mixing of concrete in paving work, and on May 3, 1923, gave the chattel mortgage on same for part of the purchase price. The appellant-petitioner later purchased the note and it and the mortgage were assigned to him. It had been recorded in Pulaski County in June, 1923, but never in Crittenden County, and thereafter the partnership was adjudged bankrupt on February 24, 1924. The trustee filed a petition in the Bankruptcy Court alleging that the chattels were in his hands as assets of the estate, and asked for an order of sale of the machinery and appliances free from claimed liens. Appellant-petitioner admitted that the chattels were in the hands of the trustee, claimed as assets of the estate, alleged that he purchased the note and mortgage for value prior to bankruptcy, that by virtue thereof he had a valid lien superior to the claim of the trustee and asked the court to so adjudge, and order the property delivered to him to be applied in satisfaction of his mortgage lien. The Bankruptcy Court found in favor of the trustee and ordered a sale of the property free and clear of the claimed mortgage lien on the ground that as against the trustee it was invalid. That rul-

ing and order were challenged and constitute the issue presented here.

[1] The Arkansas statute, Crawford & Moses' Digest, §§ 7380 and 7381, requires that a mortgage on personal property shall be recorded in the county in which the mortgagor resides, unless the mortgagor is a non-resident of the State, in which case it shall be recorded in the county where the property was situated at the time the mortgage was executed; and provides that a chattel mortgage shall be a lien on the mortgaged property from the time it is filed for record in the recorder's office, and not before. It was filed for record in Pulaski County, where one of the mortgagors resided, but not in Crittenden County, where the other two resided.

Notwithstanding the Recording Act, an unrecorded chattel mortgage creates a valid lien as between the parties thereto; but is without effect on the rights of strangers, so the mortgagee has no lien on the property against rights thereto acquired by third parties. Martin v. Ogden, 41 Ark. 186; Morgan v. Kendrick, 91 Ark. 394, 121 S. W. 278, 134 Am. St. Rep. 78; McClendon v. First National Bank, 112 Ark. 187, 165 S. W. 952; Judkins v. State, 123 Ark. 28, 184 S. W. 407; O'Neill v. Lyric Amusement Co., 119 Ark. 454, 178 S. W. 406; Merchants' & Farmers' Bank v. Citizens' Bank, 125 Ark. 131, 187 S. W. 650. In the O'Neill Case, supra, the court, referring to the sections of the Recording Act, said:

"In construing these sections, the court has uniformly held that, though the mortgage is good between the parties thereto, though not acknowledged and recorded, it constitutes no lien upon the mortgaged property as against strangers, even though they may have actual notice of its existence."

In the Judkins Case, supra, the mortgage was recorded in a county other than that in which the mortgagor resided. It was said:

"The record was, therefore, insufficient to constitute notice to third parties, for the statute provides that a mortgage on personal property must be recorded in the county in which the mortgagor resides."

[2] The State court, so far as we are advised, has not passed upon the question whether filing the mortgage for record in only one of the counties in which the mortgagors severally reside, as here, constitutes constructive notice to third parties. A like statute of the State of New York had not been construed in that respect by the State court when Stewart v. Platt, 101 U. S. 731, 25 L. Ed. 816, was decided. There the three lessees of a hotel building in New York City gave mortgages on the furniture in the hotel, to secure accruing rent, and they were recorded in the City of New York, whereas all of the mortgagors resided in Westchester County. The statute required that a chattel mortgage be filed in the town or city where the mortgagor, "if a resident of that State, shall reside at the time of the execution thereof; and if not a resident, then in the city or town where the property so mortgaged shall be at the time of the execution of such instrument"—and if not so recorded the statute said the mortgage should be absolutely void, unless the chattels were delivered to the mortgagee. The court held "that a chattel mortgage, executed by a firm upon firm property, is void, under the New York statute, as against creditors, subsequent purchasers, and mortgagees in good faith, unless filed in the city or town where the individual members of the firm severally reside." This seems to be the uniform rule on the subject. 11 C. J. 528. In Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841, it appeared that the Illinois statute requires that a chattel mortgage shall be recorded in the county where the mortgagor resides, if he be a resident of the State, and that if not so recorded it would be invalid as against the rights and interests of third persons unless possession be delivered to and remain with the grantee. The court found that the location of the principal office of the Federal Contracting Company, a corporation, which gave the chattel mortgage there under consideration, was in Chicago, Cook County, Illinois, and that county was its place of residence within the meaning and purpose of the statute. The mortgage was not recorded in Cook County but in Cass County, Illinois, and the statute not having been complied with the mortgage was no protection as against the rights of third parties.

[3] It must be concluded in this case, the mortgage having been recorded only in Pulaski County and never having been filed for record in Crittenden County, where two of the partners resided, that it was invalid as to all persons except as between those who were parties to it. But it is argued that inasmuch as it created a valid lien as between mortgagor and mortgagee and no creditor having acquired, prior to bankruptcy, any right to, claim or lien upon the mortgaged chattels it should be held that the trustee's rights were no greater than those of the mortgagor and that appellant-petitioner should have been adjudged to hold a superior lien on the mortgaged chattels. It may be conceded that the contention would have been sound prior to the amendment of 1910 to section 47 of the

Bankruptcy Act (Comp. St. § 9631). It is clear, however, from the amendment itself, its purpose and from the many adjudicated cases that the amendment changed that rule. By that amendment the trustee, as a protection to the bankrupt's general creditors, is vested, as of the date the petition in bankruptcy is filed, with all the rights, remedies and powers of a creditor holding a lien on property of the bankrupt "in the custody, or coming into the custody, of the Bankruptcy Court." In Fairbanks Shovel Co. v. Wills, supra, the Supreme Court, in concluding that the trustee's rights were superior to those of the mortgagee, said:

"Since the amendment of section 47a2 of the Bankruptcy Act by the Act of June 25, 1910 (chapter 412, § 8; 36 Stat. 838, 840), trustees have the rights and remedies of a lien creditor or a judgment creditor as against an unrecorded transfer. The estate was in custodia legis from the filing of the petition, and the title of the trustee related back to that date."

In Remington on Bankruptcy (3d Ed.) vol. 4, p. 272, it is said:

"The trustee's rights under this amendment are not derivative; they are not those derived from any existing creditor. They are independent rights conferred by the statute itself."

See also Collier on Bankruptcy (13th Ed.) vol. 2, p. 1053 et seq.

On the admitted facts only questions of law arise and the case is properly here on petition to revise. The appeal is therefore dismissed, and on the merits the petition is dismissed.