Jones *v.* Ross.

Opinion delivered March 4, 1929.

A. F. Auer, for appellant.
Feazel & Steel, for appellee.

Kirby, J. Eldridge Ross, residing in Howard County, executed two chattel mortgages on the same

property, a cow and a hog, the first to appellant on the 20th day of January, 1927, to secure $50 due October 15, 1927, and the other to appellee on the............day of................ The mortgagor then moved with his family to Hempstead County before either mortgage was recorded, where he has since resided and was employed at the time of the trial.

Appellant filed his mortgage on the 28th day of November, 1927, not to be recorded, and appellee filed his mortgage, also in Howard County, shortly after it was executed, and before the filing of appellant's mortgage.

Appellant recovered judgment for the possession of the cow in the replevin suit in the justice court, and the case was appealed to the circuit court. At this trial the mortgagor testified that he had returned the truck purchased from appellant—which was denied—to secure payment of the purchase price for which the mortgage was given, before the execution of the second mortgage to his father, whom he owed the debt secured by it. The court instructed the jury, and from the judgment on the verdict against him appellant prosecutes this appeal.

Appellant insists that the court erred in not directing a verdict in his favor, since his mortgage was first executed, and neither of the mortgages was a lien, not having been recorded in the county of the residence of the mortgagor.

If the mortgagor had not changed his residence from Howard to Hempstead County before the mortgages were recorded in Howard County, where made, the second mortgage, the one to appellee, would have constituted a prior lien against the property anyway, being first recorded there. *Merchants' & Farmers' Bank* v. *Citizens' Bank,* 125 Ark. 131, 187 S. W. 650. See *Smith* v. *Union County,* 178 Ark. 540, 11 S. W. (2d) 455.

Since the jury found, however, from virtually undisputed testimony, that the mortgagor was a resident of Hempstead County when the mortgages were recorded in Howard County (*Smith* v. *Union County,* 178 Ark. 540, 11 S. W. [2d] 455), in a suit in replevin between the mort-

gagees, neither mortgage being a lien, with the second mortgagee in possession of the property, he was entitled, of course, to prevail, as the jury correctly found.

We find no error in the record, and the judgment is affirmed.